**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CLYDE N. MACKLIN #260-798          :

    Plaintiff                              :

    v                                        :          Civil Action No. RDB-09-1852

JESSUP CORRECTIONAL INSTITUTION   :
    Defendant

. . o0o . .

**<u>MEMORANDUM OPINION</u>**

On July 14, 2009, Plaintiff filed the above-captioned civil rights complaint alleging that he was injured on June 4, 2008, when he was released from his prison job site and told to report to another building for dinner.  While running across the yard to avoid an approaching storm, Plaintiff was engulfed in hail and high wind.  The wind blew a heavy gate shut while Plaintiff was running through the opening.  The gate struck Plaintiff in the face and he fell to the ground. He seeks money damages and injunctive relief wherein he would be provided surgery to "have [his] scars removed" and Division of Corrections personnel would be ordered to "stop the gate from swing[ing]."  Paper No. 1 at 4.  Plaintiff's motion for leave to file in forma pauperis (Paper No. 2) shall be granted.

Under the provisions of 28 U.S.C. § 1915 (e)(2), a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   The instant Complaint must be dismissed under this standard.

The gravamen of Plaintiff's Complaint appears to be two-fold.  First, Plaintiff states that officers should have been at the gate.  Second, Plaintiff takes umbrage with the fact that he was ordered from the shop to report to another building during a terrible storm.  Neither allegation comes close to stating a claim for cruel and unusual punishment under the Eighth Amendment. The fact that officers were not in the immediate area at the time of Plaintiff's injury, even if a violation of applicable institutional rules, is not evidence of deliberate indifference to Plaintiff's safety. *See Miltier v. Beorn*, 896 F. 2d 848, 854 (4th Cir. 1990) (failure to provide prompt medical treatment, deliberate interference with medical treatment, or tacit authorization of unconstitutional medical care are bases for correctional staff liability).  Furthermore, Plaintiff's own submissions reveal that he was provided prompt medical treatment in the prison infirmary.[1] An MRI and other diagnostic testing found no evidence of intercranial abnormality.[2]

Plaintiff is reminded that under 28 U.S.C. §1915(g), he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  The instant case will be the first filed by Plaintiff that has been dismissed under this statute.[3]   A separate Order follows.

| | |
|---|---|
| <u>July 29, 2009</u> | <u>/s/</u>                      |
| Date |       RICHARD D. BENNETT |
| |       UNITED STATES DISTRICT JUDGE |

---

[1] Plaintiff alleges he received stitches.  Paper No. 1, Attachment, Maryland Division of Correction Headquarters Appeal at p. 2.

[2] Paper No. 1, MRI report from Bon Secours Hospital dated October 29, 2008.

[3] The Court notes that Plaintiff has sought review of an Inmate Grievance Office decision concerning the incident. *See In the Matter of Clyde Macklin*, Circuit Court for Anne Arundel County, Case No. 02C09138956, http://casesearch.courts.state.md.us/inquiryDetail.jis?caseId.